IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00340-REB-04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. RUBEN BRAVO,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER AND SETTING OF BOND

**Blackburn, J.**

The matter before me is defendant's **Motion For Reconsideration of Order Denying Motion For Revocation of Detention Order and Setting of Bond** [#412][1] filed April 24, 2009. The government filed a response [#429], and defendant filed a reply [#444]. I deny the motion.

On November 12, 2008, I heard **Defendant Ruben Bravo's Motion for Revocation of Detention Order And Setting of Bond** [#112]1 filed November 3, 2008. On that same date I entered an **Order Denying Defendant Ruben Bravo's Motion for Revocation of Detention Order and Setting of Bond** [#128]. In my order I concluded in relevant part as follows:

> Based on my foregoing findings of fact, I conclude ultimately as follows: (1) that the evidence establishes by a preponderance that the defendant

---

[1] "[#412]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

does not present a risk of flight to eschew prosecution and punishment;
(2) that the defendant has not surmounted the rebuttable presumption that
is in effect under 18 U.S.C. § 3142(e); (3) that independent of the
rebuttable presumption, there is clear and convincing evidence that
establishes that the defendant presents an unreasonable risk to the safety
of the community; and (4) that there is clear and convincing evidence that
establishes that there exists no condition or combination conditions of
release, which will reasonably mitigate any such risk.

Order [#128] at 8.

Defendant seeks reconsideration of my order on two grounds: (1) that information exists that was not known to defendant at the time of the hearing, and it has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community,[2] *see* Motion at 2, ¶ 4; and (2) that my ". . . standard for determining danger to and safety of the community was impermissibly broad," *see id.* at 2, ¶ 3. In turn, these asserted bases for reconsideration implicate two distinct standards for reconsideration.[3]

As defendant notes correctly in his motion, reconsideration of a detention order implicates 18 U.S.C. § 3142(f), which provides in relevant part:

The hearing may be reopened, before or after a determination by the
judicial officer, at any time before trial if the judicial officer finds that
information exists that was not known to the movant at the time of the
hearing and it has a material bearing on the issue whether there are
conditions of release that will reasonably assure the appearance of such
person as required and the safety of any other person and the community.

Motion at 1, ¶ 2; 18 U.S.C. 3142(f).

However, based on the putative new evidence, I find and conclude (1) that it

---

[2] The alleged new, material information is introduced inexplicitly on page 2 at paragraph 4, and then marshaled briefly on page 6 at paragraph 18 of the motion..

[3] In his motion defendant correctly cites 18 U.S.C. § 3142(f) as stating the standard for reopening a detention hearing. However, defendant inexplicably fails to cite the standard for reconsidering his claim that I applied the wrong standard in determining defendant's dangerousness to the community.

constitutes information that was in existence and known – or could and should have been known – to defendant at the time of the hearing on November 12, 2009; and (2) that regardless of the timing of its discovery by defendant, it does not have a material bearing – in the sense that it would have caused me to conclude differently – on the dangerousness calculus under 18 U.S.C. § 3142(e) and (g). Thus, there is no new, material information that warrants a reopening of the detention hearing or reconsideration of my order [#128] of November 12, 2009.

When defendant impugns the standards I used to address the defendant's dangerousness to the community and its efficacious mitigation, 18 U.S.C. 3142(f) is no longer implicated. Instead, the standard for reconsideration is different. Defendant is constrained to establish (1) that there has been an intervening change in controlling law; or (2) that reconsideration is necessary to correct clear error or to prevent manifest injustice. *See, e.g.*, *United States v. D'Armond*, 80 F.Supp.2d 1157, 1170 -1171 (D.Kan. 1999).[4] Neither circumstance has been established.

Additionally, and fatally for defendant, he has not challenged my conclusion of law that "the defendant has not surmounted the rebuttable presumption that is in effect under 18 U.S.C. § 3142(e)."[5] Order [#128] at 8. Thus, the presumption is sufficient *per se* to sustain my order.

---

[4] *D'Armond* actually includes a third basis for reconsideration: that there is new evidence relevant to the court's order. However, I considered and rejected such a basis when I conducted my § 3142(f) analysis, *supra*.

[5] Not only did the defendant fail to address this issue in his motion, he failed to address it in his reply, even though the government noted in its response, *see* Response at 6, that in fashioning my ruling, I had relied on two, independent bases, including the defendant's failure to surmount the rebuttable presumption under 18 U.S.C. § 3142(e).

**THEREFORE, IT IS ORDERED** that defendant's **Motion For Reconsideration of Order Denying Motion For Revocation of Detention Order and Setting of Bond** [#412] filed April 24, 2009, is **DENIED**.

Dated July 20, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge